IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:18-CR-410-AT |
| DWIGHT PEARSON | |

### The Government's Sentencing Memorandum

The United States of America, by Byung J. Pak, United States Attorney, and Diane C. Schulman, Special Assistant United States Attorney for the Northern District of Georgia, files this Sentencing Memorandum.

## I.    Background

On October 23, 2018, Dwight Pearson ("Defendant) and Franck Davidoff ("Co-defendant") were named in a 21-count indictment charging them with one count of conspiracy to commit wire fraud in violation of Title 18 U.S.C. § 1349, 13 counts of substantive wire fraud in violation of Title 18 U.S.C. § 1343, and seven counts of aggravated identity theft in violation of Title 18 U.S.C. § 1028A. These charges stem from a complicated fraud scheme where Pearson and Davidoff used stolen information from legitimate businesses to open merchant bank accounts, and then used stolen personal identifying information ("PII") to open credit accounts and direct payments to those merchant accounts. Payments made into the merchant accounts were then directed to bank accounts that

Pearson and Davidoff controlled.  In this manner, Davidoff and Pearson stole over $2.3M, and attempted to steal nearly $8M.

On May 17, 2019, Pearson pled guilty to count one, conspiracy to commit wire fraud, and counts fifteen through twenty-one, aggravated identity theft.  The PSR calculated Pearson's total offense level as 28, his criminal history as Category V, and his guideline range as 130 to 162 months, plus two years consecutive on the 1028A charges, for a total custody range of 154 to 186 months.  (PSR, p. 28). Pearson filed an objection which the Government responds to below. The Government also requests a two-level downward departure based on substantial assistance. At sentencing, the Government will discuss the 3553(a) factors and recommend a sentence consistent with the low end of the Guidelines.

II.    **The PSR properly assessed a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) and a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(17)(A).**

The PSR properly assessed a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) because the offense involved more than 10 victims.   Separately, the PSR also assessed a two-level enhancement because Pearson derived more than $1M in gross receipts from one or more financial institutions.  Pearson objected claiming that "the two enhancements cannot stand side by side." (PSR, p. 16).  Pearson claims that if the individual victims and companies incurred the loss, then the financial institution enhancement is not applicable, and alternatively, if the financial institutions are the only entities that suffered a loss, then the victims' enhancement is not applicable.  (PSR, p. 16).

The Government disagrees with Pearson's analysis.  Pursuant to the Guidelines, a two-level victim enhancement applies if the offense involved more than 10 victims.  *See* U.S.S.G. § 2B1.1(b)(2)(A)(i).  The Guidelines define "victim" as "any person who sustained any part of the actual loss."  *See* U.S.S.G. § 2B1.1, App. Note 1.  But, the Guidelines further state that, for cases involving means of identification, a victim is also any individual whose means of identification was used unlawfully or without authority and does not require a showing of monetary loss.  *See* U.S.S.G. § 2B1.1, App. Note 4(E).  Thus, where unlawful use of a "means of identification" is the basis for the victim enhancement, the Government does not have to show that the individual sustained an actual loss in order to be considered a "victim."  *See United States v. Corbett*, 921 F.3d 1032, 1038 (11th Cir. 2019); *see also United States v. Blanc*, 708 F. App'x 576, 579 (11th Cir. 2017).

Here, Pearson's conduct included using the means of identification 57 individuals to open credit cards or obtain lines of credit.  These individuals did not incur a financial loss.  However, their means of identification were used unlawfully and therefore, under the guidelines, they are victims.  Because there were more than ten, the PSR properly applied the two-level enhancement for number of victims.

Additionally, Pearson's conduct resulted in an actual financial loss of over $2M to Synchrony Bank.  Pursuant to the Guidelines, a two-level enhancement applies if the defendant derived more than $1M in gross receipts from one or

more financial institutions. *See* U.S.S.G. § 2B1.1(b)(17)(A). Thus, the PSR properly assessed a two-level enhancement pursuant to this section.

Pearson objected to the application of both enhancements, claiming that they cannot both be applied. He has pointed to nothing in support of this argument. Instead, he cites to *United States v. Lauerson*, 348 F.3d 329, 342 (2nd Cir. 2003) where the Second Circuit found that nothing prevented application of a four-level enhancement for deriving more than $1M in gross receipts from a financial institution where a defendant also received a 13-level enhancement for the loss amount. *Id*. at 342. The Court suggested that, in some circumstances, a downward departure may be appropriate to avoid situations where a defendant is getting penalized twice for the same conduct. *Id*. But that is not the case here where the two enhancements address very different things.

Nothing in the Guidelines prohibits the application of both the victim enhancement and the enhancement for deriving more than $1M from a financial institution, particularly here, where the enhancements each address a different aspect of the harm Pearson's conduct caused. For these reasons, the Court should deny Pearson's objection.

### III. Defendant's Cooperation

At sentencing, the Government will request that Pearson receive a two-level downward departure because he cooperated with the Government.

On June 12, 2019, Pearson proffered with the Government. During the debriefing, Pearson explained how the scheme worked and implicated his co-defendant. The Government considered Pearson to be truthful during the

debriefing.  The Government believes that Pearson's debriefing and potential testimony against Davidoff were factors that motivated Davidoff to also plead guilty. Because Pearson cooperated and provided substantial assistance in this case, the Government will recommend that he received a two-level downward departure pursuant to U.S.S.G. § 5K1.1.

**Conclusion**

The Government asks that the Court deny Pearson's objection to the application of a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(A)(i) and a two-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(17)(A).  The Government also asks that Pearson receive two-level downward departure pursuant to U.S.S.G. § 5K1.1.

Respectfully submitted,

KURT R. ERSKINE
    *Acting United States Attorney*

/s/DIANE C. SCHULMAN
    *Special Assistant United States Attorney*
Georgia Bar No. 497764
Diane.schulman@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Jay Strongwater

August 19, 2021

/s/ DIANE C. SCHULMAN

DIANE C. SCHULMAN

*Special Assistant United States Attorney*